**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

AMY SCALES,

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 1:10-cv-267

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Amy Scales filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes and also moves the Court to remand this case pursuant to Sentence Six of 42 U.S.C. §405(g). Pursuant to local practice, this case has been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. §636(b). As explained below, I conclude that the ALJ's finding of non-disability should be affirmed, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On November 30, 2006 Plaintiff filed applications for Supplemental Security Income (SSI) and for Disability Insurance Benefits (DIB) alleging a disability onset date of January 30, 2005, due to fibromyalgia, anxiety attacks, and a depressive disorder.

(Doc. 8-5 at 2-13, Doc. 8-6 at 18). Plaintiff later amended her disability onset date to January 1, 2006. (Doc. 8-2 at 25). She was 35 years old at the time of her alleged disability and 38 years old at the time of the ALJ's decision. (Doc. 8-2 at 19). After Plaintiff's claims were denied initially and upon reconsideration, (Doc. 8-3 at 2-5, Doc. 8-4 at 2-7, 11-24), she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). (Doc. 8-4 at 25). On August 5, 2009, evidentiary hearings were held in Cincinnati, Ohio, at which Plaintiff was represented by counsel. (Doc. 8-2 at 22-61). At the hearing, ALJ Larry Temin ("ALJ Temin") heard testimony from Plaintiff and from Micah A. Daoud, an impartial vocational expert ("VE Daoud").

On September 8, 2009, ALJ Temin entered his decision denying Plaintiff's SSI and DIB applications. (*Id.* at 8). The Appeals Council denied Plaintiff's request for review. (*Id.* at 2-5). Therefore, ALJ Temin's decision stands as the Defendant's final determination.

ALJ Temin's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since January 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: fibromyalgia, lumbar spine degenerative disc disease, obesity, dysthymic disorder, and general anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

   ……………………

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,

2

    404.1526, 416.920(d), 416.925 and 416.926).

    ……………………

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the requirements of work activity except as follows. She can lift, carry, push and/or pull no more than 10 pounds occasionally and 5 pounds frequently. The claimant can stand and/or walk for a total of 2 hours in an 8 hour workday. She can only occasionally stoop, kneel, crouch and climb ramps or stairs. She should not crawl or climb ladders, ropes or scaffolds. The claimant should not work at unprotected heights or around hazardous machinery. The claimant is able to remember and carry out only short and simple instructions. The claimant is limited to only occasional interaction with the general public, coworkers or supervisors. She is limited to work that does not require more than ordinary and routine changes in work setting or duties and she should only make simple work-related decisions.

    ……………………

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

    ……………………

7.  The claimant was born on April 6, 1970 and was 35 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

    ……………………

11.  The claimant has not been under a disability, as defined in the Social

>Security Act, from January 1, 2006 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(*Id.* at 13-20). Thus, ALJ Temin concluded that Plaintiff was not under disability as defined by the Social Security Regulations and was not entitled to SSI or DIB. (*Id.*).

On appeal to this Court, Plaintiff maintains that ALJ Temin erred by: 1) improperly dismissing the findings of treating physician, Mary Galloway, M.D. ("Dr. Galloway"); 2) failing to consider the combined impact of Plaintiff's impairments; and 3) inadequately assessing Plaintiff's pain and credibility. In the alternative, Plaintiff argues that new evidence submitted to the Appeals Council concerning medical treatment obtained after ALJ Temin closed the record, warrants remanding the case for further development at the administrative level under Sentence Six of 42 U.S.C. §405(g).

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York,* 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen,* 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the Court should consider the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. … The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency ("SSA") is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimants impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimants impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.,* 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. §404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. §423(d)(1)(A). In this case, Plaintiff alleges that the three identified errors at the fifth step of the sequential analysis require this Court to reverse the Commissioner's decision.

### B. The ALJ's Rejection of Treating Physician's Opinions

Plaintiff complains that ALJ Temin improperly rejected some of the findings and conclusions of her treating physician, Dr. Galloway. 20 C.F.R. §404.1527(d)(2) provides: "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) *is well-supported by medically acceptable clinical and laboratory diagnostic techniques* and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." *Id.* (emphasis added). *See Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). Thus, "if the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for her rejection." *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *see also* 20 C.F.R. §1527(d)(2). Likewise, where conclusions regarding a claimant's functional capacity are not substantiated by objective evidence, the ALJ is not required to credit those conclusions. *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284, 287 (6th Cir. 1994); *accord Blacha v. Secretary of Health and Human Services,* 927 F.2d

6

228, 230-31 (6th Cir. 1990) (affirming finding of non-disability despite herniated disc and degenerative arthritis in the spine).

Dr. Galloway, a family practitioner and Plaintiff's primary care physician, completed a Physical/Mental Residual Functional Capacity evaluation ("RFC") on Plaintiff's behalf. (Doc. 8-8 at 78-87). On that form Dr. Galloway opined that due to a variety of physical and mental ailments Plaintiff could not tolerate even "low stress" jobs and that her attention and concentration would be affected because of pain. (*Id.* at 79). Dr. Galloway identified Plaintiff's signs and symptoms to include: feelings of guilt or worthlessness, mood disturbances, difficulty thinking or concentrating, and sleep disturbance. (*Id.* at 83). Dr. Galloway also noted Plaintiff's frequent pain would limit her work attendance and productivity and her anxiety and depression would seriously limit her ability to deal with normal stress. (*Id.* at 84-85). Dr. Galloway further estimated that Plaintiff would not be able to complete a normal workday or workweek due to her anxiety and depression. (*Id.* at 84).

Plaintiff contends that the limitations found by Dr. Galloway were supported by ample objective evidence, including a Functional Capacity Evaluation ("FCE"), that was performed on August 12, 2009, by Cynthia A. Lear, a physical therapist ("PT Lear") at the Drake Center in Cincinnati, Ohio.[1] PT Lear provided that Plaintiff would need an employment position that would allow changes at will, one that would limit fine motor activities and rarely lift between shoulder and knees 10 pounds using 2 hands. (Doc. 9 at 14-15). According to Plaintiff, the FCE also provided the following: 1) Plaintiff could sustain employment only on a part-time basis; 2) on a scale of 1-10, Plaintiff's pain is usually a 6 and at best is a 4-5 and the worst is a 9; 3) Plaintiff's pain is predominantly

---

[1] It is this FCE that Plaintiff argues ALJ Temin failed to consider, thus requiring a Sentence Six remand.

in the low back, chest (epigastric area) which increases with activity and also left leg pain; 4) Plaintiff can sit 30-45 minutes at a time and about 4 hours out of 8 hours; 5) Plaintiff can stand 10-15 minutes at a time for about 2 hours in an 8 hour day; 6) Plaintiff would need periods of walking every 30-45 minutes for 15 minutes at a time; and 7) Plaintiff's hand usage is limited to 25% for grasping, turning and twisting objects, 20% for fine manipulation with fingers and 30% of the time for reaching overhead. (*Id.* at 15). However, although the opinions of treating physicians must be considered, ultimately the determination of a claimant's RFC is "reserved to the Commissioner." 20 C.F.R. §404.1527(d)(2), §1527(e)(2).

In his decision, ALJ Temin rejected Dr. Galloway's assessment of Plaintiff's extreme limitations:

> [D]r. Galloway did not offer any objective medical evidence in support of her opinions. Furthermore, Dr. Galloway did not fully complete the questionnaire as she left blank virtually all of the areas of the questionnaire referring to the claimant's physical limitations, even though she referred to the claimant's physical condition elsewhere... Furthermore, the record contains contradictory psychological opinions concerning the claimant's mental limitations, which the undersigned notes are outside of Dr. Galloway's medical specialty.

(Doc. 8-2 at 19).

The record does reflect a diagnosis of fibromyalgia, lumbar spine degenerative disc disease, obesity, dysthymic disorder, and a generalized anxiety disorder; however, the record does not support Dr. Galloway's assessment of Plaintiff's negative functional abilities. Unfortunately for Plaintiff, a diagnosis, in and of itself, is not conclusive evidence of disability because it does not reflect the limitations, if any, that it may impose upon an individual. *See Young v. Secretary of Health and Human Services,* 925 F.2d 146, 151 (6th Cir. 1990); *Wallace v. Astrue,* 2009 WL 6093338 at *8 (6th Cir.

December 1, 2009).

Medical examiners and treatment providers repeatedly noted that findings on examination were within moderate limits. For example, on January 19, 2007, Dale E. Seifert, Ed.D., a licensed psychologist ("Dr. Seifert"), performed a mental examination on Plaintiff at the request of the SSA. After examining Plaintiff, Dr. Seifert diagnosed her with dysthymic disorder and generalized anxiety disorder and assigned a Global Assessment Functioning ("GAF") score of 60[2]. (Doc. 8-7 at 136). Dr. Seifert opined that Plaintiff had mild limitations in her ability to relate to others, including coworkers and supervisors. (*Id.* at 137). Dr. Seifert also reported that Plaintiff had mild limitations in her ability to understand and follow instructions and in her ability to maintain attention to perform simple, repetitive tasks. (*Id.*). Dr. Seifert believed that Plaintiff had moderate limitations in her ability to withstand work stress and pressure. (*Id.*).

Further on April 19, 2007, Vicki Casterline, Ph.D., a State agency psychological consultant ("Dr. Casterline"), completed a Psychiatric Review Technique. (*Id.* at 148-167). In completing this assessment Dr. Casterline found Plaintiff had mild limitations in her ability to relate, understand and follow instructions, and maintain attention. (*Id.* at 165). Dr. Casterline also found Plaintiff had moderate limitations in her ability to tolerate stress. (*Id.*). Based on these findings, Dr. Casterline opined that Plaintiff was capable of performing routine tasks in a setting which did not emphasize rapid production or quotas. (*Id.*). Dr. Casterline also believed that Plaintiff was capable of interacting with others and tolerating routine changes. (*Id.*). Dr. Casterline's assessment was also

---

[2] GAF is a score assigned to a person when considering all psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness. A GAF score of 51-60 indicates that a person has moderate symptoms or moderate difficulty in social or occupational functioning, but is generally capable of functioning pretty well with meaningful relationships. *Diagnostic and Statistical Manual of Mental Disorders,* Fourth Edition, 34 (2000).

affirmed by Melanie Bergsten, Ph.D., on July 31, 2007. (Doc. 8-8 at 12). On August 7, 2007, W. Jerry McCloud, M.D. ("Dr. McCloud"), reviewed Plaintiff's medical record and history and provided a physical RFC assessment in which he opined that Plaintiff was capable of performing medium work with no additional limitations. (Doc. 8-8 at 14-20).

ALJ Temin acknowledged that although on April 2, 2007, an MRI of Plaintiff's lumbar spine showed disc protrusion contacting the left S1 nerve root and abnormal morphology of L4, this was most likely due to remote trauma. (Doc. 8-2 at 14). On February 26, 2007, Plaintiff underwent an EMG for complaints of pain and numbness in her left leg, however, results were normal and showed no evidence of radiculopathy or neuropathy. (*Id.* at 146-147). On September 8, 2008, Plaintiff reported to Bethesda Family Practice medical personnel that she was "doing about 90% better," and on September 22, 2008, Plaintiff reported that she was "doing better in general," as she had decreased arm pain and much increased energy. (Doc. 8-8 at 58-59).

In addition, ALJ Temin explains that the extreme limitations Dr. Galloway detailed in completing Plaintiff's RFC were inconsistent with statements made by Plaintiff that, with her impairments, she retained the ability to engage in activities of daily living, including: driving, taking care of her children, watching television, shopping for groceries albeit with the use of a motorized cart, cooking, dressing and grooming herself. (Doc. 8-2 at 29, 45, 47-49). *See* 20 C.F.R. §404.1527(d)(4) ("Consistency." Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

Even if the Court were to assume that Dr. Galloway's opinions were consistent with other record evidence, it is not subject to reversal merely because substantial

10

evidence would have supported an opposite decision." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Specifically, Dr. Galloway failed to provide a detailed explanation as to her extreme limitations in view of the absence of any focal deficit of motor power or reflexes, and the generally conservative nature of Plaintiff's treatment. The Court also finds it important to note that Dr. Galloway failed to put in her explanation that Plaintiff had not actively pursued physical therapy or psychotherapy. *See* 20 C.F.R. §404.1527(d)(3) ("the better an explanation a source provides for an opinion, the more weight we will give that opinion."). Dr. Galloway simply stated that Plaintiff experiences pain on a frequent basis. (Doc. 8-8 at 84). She also checked boxes indicating that Plaintiff had feelings of guilt or worthlessness, mood disturbances, difficulty thinking or concentrating, and sleep disturbance but provided no further explanation. (*Id.* at 83). In addition, although Dr. Galloway provided Plaintiff's mental health limitations, ALJ Temin was correct to point out that Dr. Galloway is not a mental health specialist. ALJ Temin's rejection of Dr. Galloway's assessment satisfies the "good reasons" requirement. The extreme limitations found by Dr. Galloway are not supported by objective medical evidence. Rather, I conclude from a review of the same medical records that substantial evidence supports ALJ Temin's assessment. Therefore, for the reasons stated above, Plaintiff's argument does not have merit.

### C. The Combined Impact of Impairments

Plaintiff argues that ALJ Temin failed to adequately consider the combination of her impairments when deciding this case. Plaintiff alleges that ALJ Temin failed to give adequate consideration to her fibromyalgia, irritable bowel syndrome ("IBS"), and medication side effects. (Doc. 9 at 7-12, 16-18).

11

While it is clear the ALJ must consider the combined effect of Plaintiff's impairment in assessing her eligibility for disability benefits, *see Barney v. Secretary of Health and Human Services,* 743 F.2d 448, 453 (6th Cir. 1984), there is substantial evidence in the record establishing ALJ Temin did so in this case. ALJ Temin found that the record did not support Plaintiff's allegations that she needed frequent restroom breaks due to her IBS and its resulting side effects. (Doc. 8-2 at 18). ALJ Temin explained that Plaintiff failed to provide any objective medical evidence or medical source opinions that suggested the need for restroom breaks of the frequency or length she alleged. (*Id.*). The Court notes that the only indication that Plaintiff would require such frequent restroom breaks was her subjective allegations at the administrative hearing, which as discussed below, ALJ Temin reasonably determined were not fully credible. (*Id.* at 17).

ALJ Temin also took into consideration Plaintiff's fibromyalgia. ALJ Temin included fibromyalgia as Plaintiff's first severe impairment and noted in his decision that Plaintiff had "consistently received a diagnosis of fibromyalgia." (Doc. 8-2 at 13-14). However, the Court noted above that, "a diagnosis of fibromyalgia does not automatically entitle [Plaintiff] to disability benefits." *See Vance v. Comm'r of Soc. Sec.,* 260 Fed. Appx. 801, 806 (6th Cir. 2008) (emphasis in original). Plaintiff was also required to provide evidence that fibromyalgia precluded her from performing work activities. However, Plaintiff failed to address this in her briefing and the record does not support it.

In addition, ALJ Temin went on to find that Plaintiff's degenerative disc disease did not satisfy the severity requirements of Listing 1.04, as she does not have the

12

requisite neurological deficits. On February 26, 2007, an EMG of Plaintiff's left leg showed no radiculopathy or neuropathy. (8-7 at 146-147). ALJ Temin also considered Plaintiff's obesity and her mental impairments in making his decision. (Doc. 8-2 at 14-15). This shows that ALJ Temin did give the combination of impairments proper consideration even though a more detailed explanation is not provided for in the ALJ's decision. *See Loy v. Secretary of Health and Human Servs.,* 901 F.2d 1306, 1310 (6th Cir. 1990) (per curiam) (ALJ's specific reference to the claimant's "combination of impairments" satisfied duty to consider the combined impact of impairments); *Gooch v. Secretary of Health and Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987) (per curiam) (same). Plaintiff erroneously relies on *Walker v. Bowen,* 826 F.2d 996, 1001 (11th Cir. 1987) and *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985) to support his argument as they are contrary to the holding in *Loy* (supra) and *Gooch* (supra).[3] The Court has determined that ALJ Temin reasonably found that, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments…" (Doc. 8-2 at 14-16).

After reviewing the medical evidence contained in the record, ALJ Temin reasonably found that Plaintiff had several severe impairments, including fibromyalgia, lumbar spine degenerative disc disease, obesity, dysthymic disorder, and general anxiety disorder. (Tr. 12). ALJ Temin accordingly considered the combined impact of said impairments and provided limitations to address these impairments in his RFC finding. (Tr. 13). Therefore, for the reasons stated above, Plaintiff's argument does not have merit.

---

[3] In fact, several cases cited by Plaintiff were from other circuits and other district courts, none of which have precedential value to this Court.

13

**D. Credibility Assessment and Evaluation of Pain**

Plaintiff's next assessment of error finds fault with ALJ Temin's conclusion that her testimony was not entirely credible. With respect to Plaintiff's complaints of debilitating side effects of medication and problems caused by her IBS, Plaintiff alleges that ALJ Temin failed to adequately consider her subjective complaints and medical records in determining the limitations that should be imposed. (Doc. 9 at 17-19). Plaintiff argues that the medical records reflect several diagnoses that would be expected to produce her debilitated condition. (*See Id.* at 17). The same diagnoses support her complaints in the following areas: left neck pain, numbness down left arm to middle finger, pinky and elbow; tight scalene; tight trapezius muscle; decreased sensation C7-8 dermatomes; cervical strain/radiculopathy: right shoulder and arm pain (*Id.* at 19). In addition, Plaintiff contends that the records she provided, as a result of treatment sought for her various impairments, supported her complaints of weakness in both of her legs and pain associated with her pelvis and lower back region. (*Id.*).

A disability claim can be supported by a claimant's subjective complaints, as long as there is objective medical evidence of the underlying medical condition in the record. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d at 475. However, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Id* at 476. (citations omitted). An ALJ's credibility assessment must be supported by substantial evidence, but "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.

14

1997).  Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001).  Thus, it may be proper for an ALJ to discount the claimant's testimony. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d at 392.

In this matter, ALJ Temin noted various factors in his decision which caused him to question Plaintiff's credibility.  For instance, he noted that although Plaintiff had complained of constant, severe, and debilitating pain, she had not consulted with either a pain management specialist or a rheumatologist since her alleged disability onset date in January 2006.  (Doc. 8-2 at 18).  *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (ALJ considers treatment history).  Plaintiff argues that this was because she could not afford it.  However, there is no indication in the record that she requested alternative treatment for the pain from her treating physician.  ALJ Temin also noted that, despite Plaintiff's claims of severe radiculopathy and neuropathy in her left leg and foot, her most recent EMG, in 2007, expressly indicated that Plaintiff experienced no evidence of radiculopathy or neuropathy.  (Doc. 8-2 at 18, Doc. 8-7 at 147).  ALJ Temin also relied on a physical examination completed by Matthew M. McLaughlin, M.D.  ("Dr. McLaughlin"), on June 21, 2007, which revealed good objective findings about Plaintiff's physical condition.  (Doc. 8-2 at 18, Doc. 8-8 at 4-5).  Moreover, on September 8, 2008, Plaintiff reported to Bethesda Family Practice medical personnel that she was "doing about 90% better," and on September 22, 2008, Plaintiff reported that she was "doing better in general," as she had decreased arm pain and much increased energy.  (Doc. 8-8 at 58-59).  The Court also notes that Plaintiff previously tested positive for using illegal substances (i.e. Marijuana).  (Doc. 8-2 at 37).

15

ALJ Temin found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," (*Id.* at 17), and that the evidence provided established that Plaintiff has the following severe impairments: fibromyalgia, lumbar spine degenerative disc disease, obesity, dysthymic disorder, and general anxiety disorder. (*Id.* at 13). However, in reviewing Plaintiff's multiple RFC assessments, ALJ Temin also found that Plaintiff's statements concerning the severity, intensity, persistence, and limiting effects of her symptoms were not entirely credible. (*Id.* at 17).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.,* 987 F.2d 1230, 1233 (6th Cir. 1993). Therefore, because ALJ Temin found inconsistencies between the objective medical evidence and Plaintiff's testimony about the extent of her pain and limitations, it was permissible for him to discredit Plaintiff's testimony about the severity of her symptoms. As a result, given the great deference to an ALJ's credibility assessment, I conclude that substantial evidence supports ALJ Temin's decision to discredit Plaintiff's statements about the severity of her symptoms.

### E. Sentence Six Remand

In addition to her statement of errors, Plaintiff moves that, pursuant to Sentence Six of 42 U.S.C. §405(g)[4], a remand is warranted due to ALJ Temin's failure to hold the

---

[4] Sentence Six of 42 U.S.C. §405(g) provides in part:

> The court may…at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding…

record open to consider the FCE performed on August 12, 2009, one week after the administrative hearing had been completed and approximately three weeks before ALJ Temin's decision was issued. (Doc. 9 at 14-15). Pursuant to that provision, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is material, and also establishes good cause for her failure to present the evidence to the ALJ. *See Bass v. McMahon,* 499 F.3d 506 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989). Material evidence is evidence that would likely change the Commissioner's decision." *Bass v. McMahon,* 499 F.3d at 513 (citation omitted). In this case Plaintiff seeks to introduce an August 12, 2009, FCE performed by PT Lear at the Drake Center in Cincinnati, Ohio.

Plaintiff's FCE contained PT Lear's opinion that Plaintiff suffered substantial work-related limitations and would be unable to sustain full-time employment based on her impairments which this Court considers to be new and material evidence. (Doc. 8-8 at 179-182). However, Plaintiff fails to establish "good cause" why the Physical Therapist's evidence could not have been obtained and presented before ALJ Temin closed the record. The Court acknowledges that ALJ Temin agreed to consider this FCE evidence if it was submitted to him prior to the issuance of his decision, which it was not. (Doc 8-2 at 60). Plaintiff argues that Dr. Galloway sent Plaintiff to PT Lear for evaluation to determine what Plaintiff's current physical limitations are. However, Plaintiff does not explain why the referral to PT Lear could not have been scheduled before the hearing.

Of course, to the extent that Plaintiff has new evidence that her condition has worsened, she is free to submit a new application for benefits. *See,* e.g., *Wyatt v. Sec'y*

17

*of Health & Human Servs.,* 974 F.2d 680, 685 (6th Cir. 1992). It is the function of this Court only to review whether the "new" evidence warrants remand under Sentence Six of 42 U.S.C. §405(g). In this case, it does not.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT:**

1. The Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**;

2. Plaintiff's motion to remand this case under Sentence Six of 42 U.S.C. §405(g) be **DENIED**; AND

3. As no further matters remain pending for the Court's review, this case be **CLOSED.**

*s/Stephanie K. Bowman*
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMY SCALES,

      Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 1:10-cv-267

Dlott, J.
Bowman, M.J.

## **NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).