**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

AMY SCALES,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10cv267

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 25) and Defendant's Memorandum in Opposition (Doc. 26). Pursuant to local practice, Plaintiff's Motion for Attorney Fees has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be denied.

**I. Relevant Factual Background**

On July 12, 2011, this Court issued a Report and Recommendation ("R&R") that Defendant's decision be affirmed and Plaintiff's motion for a sentence six remand be denied. (Doc. 21). Plaintiff filed Objections to that R&R on July 29, 2011. (Doc. 22). On September 30, 2011, the District Court rejected this Court's R&R and remanded the matter for further proceedings under Sentence Six of 42 U.S.C. §405(g). (Doc. 21). Thereafter, Plaintiff filed her motion for fees pursuant to 28 U.S.C. §2412(d) on December 2, 2011. (Doc. 25). In said Motion, counsel requested fees in the amount of

$4,629.68 which is comprised of 24 hours of work times the requested hourly rate of $178.32, plus costs of $350.00.

**II. Analysis**

**A. Standard of Review**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

Further, the EAJA provides that:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. In his opposition to Plaintiff's motion, the Commissioner argues only that Plaintiff's EAJA petition for attorney fees should be denied because the Commissioner's prior litigation position was "substantially justified." As explained below, however, Plaintiff's EAJA fee

2

petition should be denied for two different reasons: (1) Plaintiff is not a prevailing party for purposes of EAJA; and (2) the Court has not yet entered a final judgment in this case.

      **B.    Plaintiff is Not a Prevailing Party**.

As noted above, the District Court granted Plaintiff's motion to remand and remanded this matter pursuant to Sentence Six of 42 U.S.C § 405(g) for consideration of the Drake Functional Capacity Evaluation ("FCE"). (Doc. 23). Plaintiff's sentence six remand does not make her a "prevailing party" for purposes of the EAJA. *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840-42 (6th Cir. 2006). Rather, the sentence six remand merely preserved Plaintiff's right to file a fee petition if she prevailed on remand. *Id.* at 841-42. "Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status, the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant." *Id.* at 842 (internal citations omitted). Thus, at this time, Plaintiff is not a prevailing party under the EAJA because the subsequent administrative proceedings have not concluded. Accordingly, her motion for EAJA fees should be denied.

      **C. Plaintiff did not Obtain a Final Judgment**.

Second, under the EAJA, a Plaintiff's application for fees must be submitted within thirty days of final judgment. A sentence six remand does not constitute a final judgment; rather, the Court retains jurisdiction and enters final judgment only "after post-remand agency proceedings have been completed and their results filed with the court." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). As the Supreme Court explained in

*Melkonyan v. Sullivan*, 501 U.S. 89 (1991):

> [W]e conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six.  Construing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. 28 U.S.C. § 2412(d)(1)(B).  In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. See § 2412(d)(2)(G).  **In sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.**

*Melkonyan,* 501 U.S. at 101-102 (emphasis added).  Because Plaintiff has not secured a final judgment against Defendant, her motion for EAJA fees is premature and should also be denied on this basis.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel (Doc. 25) be **DENIED.**

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AMY SCALES,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10cv267

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).