UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMY SCALES,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10cv267

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Second Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 29) and Defendant's Memorandum in Opposition. (Doc. 33).

Pursuant to local practice, Plaintiff's Motion for Attorney Fees (Doc. 29) has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted, in part.

**I. Relevant Factual Background**

On July 12, 2001, this Court issued a Report and Recommendation ("R&R") that the decision denying Plaintiff's claim for disability benefits be affirmed and this matter closed. (Doc. 21). Plaintiff filed objections to the R&R arguing, *inter alia,* that the ALJ prematurely closed the record despite knowledge of a scheduled functional capacity evaluation seven days after the administrative hearing. (Doc. 22). On September 20 2011, the District Court determined that the ALJ's decision was not supported by

substantial evidence and granted Plaintiff's motion to remand the case under Sentence Six of 42 U.S.C. §405(g).

Upon remand, Plaintiff amended her alleged disability onset date to August 12, 2009. ALJ held a new administrative hearing and upon consideration of the FCE report, the ALJ issued a new decision finding Scales entitled to disability insurance benefits and supplementary security income as of August 12, 2009. (Doc. 33, Ex. 1, at 12-13). Plaintiff now seeks attorney fees pursuant to 28 U.S.C. §2412(d). (Doc. 29). In said Motion, counsel requested fees in the amount of $4,629.68, which is comprised of 24 hours of work times the requested hourly rate of $178.32. The Commissioner opposes Plaintiff's motion, arguing that Plaintiff is not entitled to attorney fees because the Commissioner's position was substantially justified. (Doc. 33). The Commissioner further argues that the amount of fees requested by Scales is inconsistent with the number of hours Plaintiff's attorney worked on the case and that she has not shown that she is entitled to an hourly rate over $125.00.

**II. Analysis**

**A. Standard of Review**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G); see *Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. See *Melkonyan v. Sullivan,* 501

U.S. 89, 96 (1991).

> Further, the EAJA provides that:
>
> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).  Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. The Commissioner does not dispute that Plaintiff is a prevailing party, as defined by the EAJA, nor does the Commissioner assert that any "special circumstances" exist in this matter, such as to preclude an award of fees.  As detailed above, the Commissioner argues only that Plaintiff's EAJA petition for attorney fees should be denied because the Commissioner's prior litigation position was "substantially justified."

The Court agrees that the motion is timely, that Plaintiff is the prevailing party, and that there are no special circumstances to make the award of fees unjust.  The Court is therefore left to determine whether the government's position was substantially justified, and if not, how much the award of attorneys fees should be.

### B. Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action.  *Pierce v. Underwood*, 487 U.S. 552 (1988).  The "substantial evidence" standard is not the same

3

as the "substantial justification" standard under EAJA.  The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2.  The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified.  Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted).  Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565.  In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id*.  *See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam).  The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact.  *Cf. Commissioner, INS v. Jean,* 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items.").  It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).  The "'position of the United

4

States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

In reversing the Commissioner's finding of non-disability, this Court found that ALJ Temin prematurely and inconclusively closed the record before obtaining all pertinent information to making a proper decision on the disability claim. As noted by Judge Dlott, Social Security Regulations impose a duty upon all ALJs to look fully into all issues relevant to an administrative hearing. 20 CFR § 904.944; 20 CFR § 404.1513(b)(6). While that duty is somewhat lessened when a claimant is represented by an attorney, the duty still remains. *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981); see also Hallex I - 2 - 5 - 14 ("When the ALJ needs additional information about Claimant's impairment(s), he will determine if the information may be available from a treating source or other medical source."). Furthermore, as the United States Supreme Court stated, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citing Richardson v. Perales, 402 U.S. 389, 400-01 (1971)). Thus, the ALJ has the responsibility to make every reasonable effort to develop the claimant's complete medical history, for at least the 12 months preceding the date of Plaintiff's application, and if applicable, to the 12 month period prior to the month in which she was last insured. 20 CFR § 404.1527(d).

Here, the record indicates that at the August 5, 2009 hearing, ALJ Temin was informed of a previously scheduled Drake FCE to be performed seven days after the

5

hearing. (Tr. 59). Plaintiff, through counsel, asked the ALJ for permission to provide the scheduled Drake FCE for consideration in his determination of disability. *Id.* The ALJ responded, "[y]ou can provide them, but I'm not going to hold up a decision waiting for them." Id. The Drake FCE was subsequently completed on August 12, 2009 (Tr. 571). The ALJ issued a decision on September 8, 2009. (Tr. 20).

Accordingly, in accord with Social Security Regulations and applicable law, Judge Dlott found that the FCE should have been considered and the record be opened to submit this material information so that the record could be complete since the Drake FCE was performed before the issuance of the ALJ's decision and the ALJ was aware of it taking place. Having the extensive Drake FCE report and treating physician Dr. Galloway's evaluation would have provided the necessary information that ALJ Temin considered lacking during the initial hearing. Notably, the ALJ claimed that Dr. Galloway did not offer any objective evidence or adequately complete the questionnaire (Tr. 18). Dr. Galloway's subsequent Drake FCE included conclusive objective evidence along with eleven, completely filled pages with more than sufficient evidence for ALJ Temin to consider. (Tr. 566-77). As such, Judge Dlott determined that the ALJ prematurely closed the record in contravention of Agency regulations. 20 CFR § 404.1512(e)(1).

The Commissioner argues his position was substantially justified in arguing that the ALJ was likely to give little weight to the August 2009 FCE at the time of his original decision. At that time, the FCE appeared inconsistent with the other medical evidence in the record. The Commissioner further asserts that his position was substantially

6

justified because Plaintiff purportedly abandoned her challenge to the reasonableness to the ALJ's original decision for the vast majority of the period adjudicated by such decision.  Notably, after remand, Plaintiff amended her alleged onset date from January 1, 2006 to August 12, 2009.  Thus, Plaintiff voluntarily abandoned her claim for disability benefits for 43 out of the approximately 44 months ruled on by the ALJ in his original decision — only challenging the ALJ's decision as it applied from August 12, 2009 to September 8, 2009.

Under these facts, the undersigned recognizes this is a very close case.  However, considering the Commissioner's failure to properly follow his own Regulations as outlined above, the undersigned finds the Commissioner's position in the underlying litigation was not "substantially justified" for purposes of the EAJA.  This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard.  *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984).  *See also Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation).  Since the Commissioner fails to set forth a "reasonable basis in law" for the ALJ's decision, the government has not met its burden of proving substantial justification for its position in this case.  The Court therefore finds the Commissioner's position in this matter was not substantially justified.

7

### C. Calculation of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Sixth Circuit has held that "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir.

2009).  Thus, "[p]laintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*, 465 U.S. 886, 898 (1984).

Specifically, to comport with *Bryant*, "this Court now requires additional proof such as "affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate," or alternatively, "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice."  *See Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012).  *See also Bushor v. Comm'r of Soc. Sec.*, Case No. 1:09-cv-320-MRB, 2011 WL 3438439 (S.D. Ohio 2011)(reducing fee to $125 under *Bryant* where plaintiff's counsel failed to submit more than a copy of Consumer Price Index).  A mere reference to increased fees awarded in prior cases, or argument that an increase should be based on increased cost of living, is insufficient to warrant an increase beyond the statutory maximum attorney fee rate.

Plaintiff seeks a fee award that encompasses 24 hours of work at a rate of $178.32 which amounts to $4,629.68.  In support of her claim for an hourly rate exceeding the statutory rate of $125.00 per hour, counsel submits her own affidavit setting forth her credentials and extensive experience handling Social Security disability cases.  Plaintiff has also submitted four documents to justify her requested fee of $4,629.68.  Notably, two of the documents relate to surveys of general billing rates in

9

Southern Ohio and the other two documents discuss national rates. None of these materials discuss rates for Social Security attorneys in Southern Ohio. As such, the undersigned finds that counsel for Plaintiff has not proffered any evidence to support an increased hourly rate as outlined by the Sixth Circuit in *Bryant*. Counsel has not submitted any evidence of the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. In addition, counsel has not submitted any evidence on the requested cost-of-living increase. Therefore, the Court is constrained to limit the hourly fee to the statutory rate of $125.00.

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $125.00 hourly rate shall be applied. Counsel submits that 24.00 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990). However, as noted by the Commissioner, the time log of Plaintiff's attorney details only 21.6 hours of work on this case.[1] The Commissioner further asserts that Plaintiff's fees should be reduced by an additional $53.49 for time spent seeking an extension of time. Notably, Plaintiff seeks 0.3 hours for filing an extension of time within which to file her objection to the Magistrate Judge's Report and Recommendation. (Doc. 29) The Commissioner maintains that the Government should not be penalized, nor should the

---

[1] Plaintiff's counsel's time log lists "Total Federal Court Time Expended" as "24 hours," however, that number appears to be a mathematical error. (Doc. 29 at 12.) The individual entries on the time log actually total 21.6 hours, not 24 hours. Id. at 11-12.

10

taxpayers be billed for Plaintiff's need to seek an extension of time. *See Burr v. Bowen*, 782 F. Supp. 1285, 1290 (1992) (hours expended for obtaining extensions of time were not reasonably necessary). The undersigned agrees.

Accordingly, based on the foregoing, the undersigned finds that Plaintiff's fee request should be reduced by 2.7 hours. Compensation for the 21.3 hours at the $125.00 hourly rate yields an attorney fee of $2.662.50. Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED**, in part, and that Plaintiff be **AWARDED $2.662.50** in attorney fees.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AMY SCALES,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10cv267

Dlott, J.
Bowman, M.J.

## **NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).